MARXUACH, PLAINTIFF AND APPELLEE, v. NIN, DEFENDANT AND APPELLANT.

APPEAL from the First District Court of San Juan in an Action of Revendication.

No. 2946.—Decided July 11, 1924.

REVENDICATION—ESTOPPEL.—When the grantee of a property segregated from another allows the main property to be given a certain area in the deed of sale and by other public acts thereafter admits that it had such an area, he is estopped from alleging later that the main property was of less area.

The facts are stated in the opinion.

Mr. J. Guzmán Benítez for the appellant.

Mr. M. M. Ginorio for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Plaintiff Acisclo Marxuach and defendant Antolín Nin are the owners of two adjoining properties in Seboruco ward of Santurce and this action was brought by Marxuach against Nin to recover 3.26 acres of land alleged to belong to him and to be unlawfully occupied by Nin, who not only denied that allegation but filed a counter-complaint against Marxuach to recover from him 2.68 acres of land alleged to have been usurped from him by a former owner of the Marxuach property, together with the damages suffered by Nin on account of his being unable to purchase a building standing on his property because of the occupancy of the land claimed in the counter-complaint. The complaint was sustained and the counter-complaint was dismissed, whereupon Nin took this appeal.

The properties of Marxuach and Nin are parts of a property which the Cortijo heirs had recorded in the registry of property since the year 1904 with an area of 40 acres bounded on the south by the Martín Peña canal, of which Nin bought 21.82 acres in the year 1906 and 9.41 acres

in the year 1908, making a total area of 31.23 acres, leaving to the Cortijo heirs the balance of 8.77 acres which was purchased later by attorney Manuel Ginorio and which, after various transfers, came into the possession of plaintiff Marxuach.

A part of the property of the Cortijo heirs was on the north side of the Seboruco road and was purchased by José María Blanco, the two properties of the litigants being on the south side of the said Seboruco road. Nin's had an area of 13.70 acres and Marxuach's an area of 8.77 acres, both being bounded on the south by the Martín Peña canal, according to their titles. Nin says that he purchased from the Cortijos only dry land and that he then caused the the whole property to be surveyed and the survey showed a total of 32.73 acres of dry land, the rest being mangrove flats along the Martín Peña canal belonging to The People of Porto Rico because they were covered by high tides, wherefore after his purchase of 31.23 acres there remained to the Cortijos only 1.50 acres as the balance of the 32.73 acres, which was all that they could and did sell to Ginorio, the owner preceding Marxuach, although in the deed they stated that they were selling 8.77 acres.

Ginorio testified that when he bought the property the Cortijos delivered it to him by the southern boundary up to a railroad track laid on a road constructed by Pablo Ubarri some fifty years ago for hauling stone from a quarry, the road and quarry now belonging to José A. Rexach, and that the said railroad track is the dividing line between the Cortijo property and the Martín Peña canal. There is no dispute between the parties that if the said railroad track is the dividing line between the Martín Peña canal and the Cortijo property, then the property has an area of 40 acres of land, but Nin insists that that is not the boundary of the property and that the boundary is the point to which high tide reaches, leaving only a balance of 32.73 acres of dry land.

If the Cortijo property extends to that railroad track of Rexach and therefore has an area of 40 acres, then the property now in Nin's possession has an area of 16.96 acres, and if the 13.70 acres of land described in his titles be subtracted therefrom, then there is an excess of 3.26 acres of land which Marxuach lacks and is claiming in order to complete the 8.77 acres which he bought.

Notwithstanding the fact that Nin says that when he bought the property from the Cortijos the survey then made of the dry land to the point covered by the high tides showed a total area of the whole property of only 32.73 acres, nevertheless he consented to the declaration by the Cortijos in the titles of purchase that the property contained 40 acres, because, as he says, that was not prejudicial to him, inasmuch as he received all of the land that he bought. Subsequently in a public deed executed by Nin, Ginorio and Blanco in the year 1911 they stated that the Cortijo property of 40 acres of land belonged to the three of them in the following proportions: To Blanco the part that is on the north side of the Seboruco road, with an area of 17.53 acres; to Nin 13.70 acres bounded on the north by the Seboruco road, on the south by the Martín Peña canal and on the east by Ginorio's property, and that the parcel of 8.77 acres belonging to Ginorio had the same boundaries on the north and south as the former and was bounded on the west by Nin's property, a total of 40 acres.

Later, or in 1918, when the military camp for the troops who were being trained for the war with Germany was planned at Seboruco Nin leased to the military authorities his property as bounded on the south by the railroad track of Rexach and a plan of the whole camp was drawn by the military authorities showing that Nin's property extended as far as Rexach's railroad track. Nin says that he then informed the military authorities that his property did not reach as far as the track and that he wrote them a letter to that effect, but what appears in the record is a letter

transmitting to the military authorities the plan of his property of 13.70 acres. The plan does not appear in the record.

There is evidence that Nin had the fence of his property on the south two meters from the road and railroad track of Rexach, and although he also offered evidence to show that there were mangrove flats between the property and the railroad track, this was denied by other witnesses who testified that they were not mangrove flats but grass on wet ground, because at that place the rain water stood, and that the tides do not reach the other side of the road, Nin having recently opened some diagonal ditches in the roadbed so that the tides might flow, but they were closed by the owner of the track.

One of the witnesses for the plaintiff was the custodian of the public lands of Porto Rico, who testified after seeing a plan of that place made by the Department of the Interior that the Martín Peña canal only reaches as far as Rexach's track which is laid on a roadbed on the boundary of the mangrove flats, and that everything to the north of the said roadbed and track is private property.

In view of the facts shown and forasmuch as Nin consented to the declaration made by the Cortijos in his titles of purchase that the property contained 40 acres: that he also acknowledged the same in the document signed by him with Ginorio and Blanco wherein the area of the three separate parcels total the same number of acres; that in order that the property may contain 40 acres its boundary line must extend as far as the Rexach road, and that the contract that he signed with the military authorities gives as the southern boundary the railroad track of Rexach, it follows that the road and the track of Rexach are, for the purposes of this case, the boundary line between the property of Nin and the Martín Peña canal, for these public acts so demonstrate and he can not now repudiate them.

For the foregoing reasons the counter-complaint of Nin to recover from Marxuach the 2.68 acres of land alleged to

have been taken from him by a former owner of the Mar-
xuach property, together with damages on the assumption
that he was the owner of the portion of the property claimed
by Marxuach on which a building was alleged to have been
constructed, can not be sustained.

The judgment appealed from should be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and
Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this
case.